ACCEPTED
01-14-00240-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/28/2015 6:02:02 PM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00240-CR

| | | |
|---|---|---|
| SEAN MICHAEL MCGUIRE | § | IN THE COURT OF APPEALS |
| VS. | § | FIRST JUDICIAL DISTRICT |
| STATE OF TEXAS | § | HOUSTON, TEXAS |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/28/2015 6:02:02 PM
CHRISTOPHER A. PRINE
Clerk

STATE'S SECOND MOTION FOR EXTENSION OF TIME

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

Appellant filed his amended brief on February 5, 2015, which was originally due on September 4, 2014. On March 9, 2015, the State filed its first motion for extension of time of fifty-three days to file its brief, concurrent with the companion case in Cause No. 01-14-00240-CR. This Court granted the State's motion to May 1, 2015, "WITH NO FURTHER EXTENSIONS." The State's brief in companion case for failure to stop and render aid is being readied for filing and will be timely filed on May 1, 2015.

At the time of the request for the first extension, the State asked for only 53 days to correspond with the deadline in the companion case; the undersigned had not yet read record of the trial and was not cognizant of the complexity of the record and the several issues that affected the presentation of the State's case; the undersigned did not anticipate her assignment to a de novo contempt of court hearing requested by an attorney; the undersigned did not anticipate a death that caused the undersigned to schedule a trip out of town for May 1-12, 2015. The undersigned respectfully

1

requests the Court for a response to this motion for extension of time as soon as possible and before May 1, 2015.

Pursuant to Texas Rule of Appellate Procedure 10.5(b), the State provides the following information:

Current Deadline:                       May 1, 2015

Length of Extension Sought:             45 days to June 15, 2015

Number of Previous Extensions:          One

Facts compelling this request for an extension:

In the last 80 days, the undersigned assistant district attorney completed the State's petition for writs of mandamus and prohibition in *Ex rel State of Texas, John Healey, District Attorney  v. Brady G. Elliott, Judge 268th District Court,* Nos. WR-82,875-01 & WR-82,875-02 (response requested to motion for leave to file, March 4, 2015); the State's brief in *Ex parte Okonkwo*, No. 14-14-000835-CR; the State's brief in *Gamez v. State*, No. 14-14-00203-CR; the States's response and supplemental response to the original proceeding in *In re Carter*, Nos. 01-15-00216-CR & 01-15-00217-CR; the State's response to a motion to correct and allegedly inaccurate court reporter's record in *State v. Damon Dove*, Cause No. 12-DCR-0611814; the State's response to a time credit mandamus in *State v. Derrick Thomas*, Cause No. 12-DCR-061680; the State's supplemental answer in *Ex parte Sandbloom*, WR-79,922-02, on remand by the Court of Criminal Appeals.  The undersigned also prepared three State

responses to motions filed in the de novo contempt hearing, *In re David Christopher Hesse*, in *State v. Carter,* 12-DCR-061186.

The record in this case is voluminous--Clerk's Record is three volumes, the Reporter's Record of the suppression hearing, pre-trial motions hearing, and jury trial is approximately 2,471 pages. The undersigned has spent the majority of the last four weekends and week reading this difficult record, which is filled with typographical errors, vociferous arguments, and took considerably more time to read than anticipated.

More importantly, the evidence in this case includes a test result from a warrantless blood draw made under Section 724.012, Texas Transportation Code. The constitutionality of this statute was addressed in *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014). Rehearing was granted on February 25, 2015, in part on the basis of the State's request for the Court of Criminal Appeals to consider *Heien v. North Carolina,* 135 S.Ct. 530 (U.S. Dec. 15, 2014), in its decision. The State hopes to summarize the existing arguments and contribute new arguments on this weighty constitutional issue.

Further, contrary to law, the trial court required redactions in the in-car video recordings of Appellant's statements and failed to instruct the jury to return a verdict on each count of the indictment. The State anticipates bringing cross-points of error that must be carefully culled from the record.

3

The undersigned will be out of town May 1-12, 2015, and has a brief on the merits due on May 22, 2015, in *Moore v. State*, PD-1634-14.

The State asks for an extension of time not for delay only, but to see that justice is done. Barring unforeseen circumstances, the State will not seek any further extension of time.

Respectfully submitted,

John F. Healey, Jr.
SBOT # 09328300
District Attorney, 268th Judicial District
Fort Bend County, Texas

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell
SBOT # 11395400
Assistant District Attorney
301 Jackson Street, Room 101
Richmond, Texas 77469
(281) 238-3205/(281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing State's motion for extension of time was served on May 28, 2015, on Ms. Kristen Jernigan, Attorney for Appellant through the electronic filing manager or by email.

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell
